McKee *et al. v.* Hogan.*

(Division B.   Feb. 14, 1927.)

[111 So. 357.   No. 25876.]

Costs.   *Supreme court cannot allow attorneys' fees in chancery and
circuit courts, it being matter of original jurisdiction; su-
preme court cannot allow attorneys' fees for services performed
in courts of original jurisdiction; supreme court may allow at-
torneys' fees in proper cases for services performed on appeal
to it.*

The allowance of attorneys' fees in the chancery and circuit courts
is original jurisdiction, which the supreme court cannot exer-
cise.   This court cannot allow fees to attorneys for services per-
formed in courts of original jurisdiction.   It may, however, al-
low attorneys' fees in proper cases for services performed on
appeal to this court as incident to its appellate jurisdiction.

*Corpus Juris-Cyc. References: Costs, 15CJ, p. 274, n. 82; Courts,
15CJ, p. 1077, n. 13.

Appeal from chancery court of Oktibbeha county.
Hon. Allen Cox, Chancellor.

Suit by F. L. Hogan against J. A. McKee and others,
trustees of the separate school district of Starkville, for
an injunction.   From a judgment overruling a demurrer
to complainant's bill, defendants appeal.   After reversal
and dismissal of the bill (110 So. 775 preceding case
herein), a motion was made for counsel fees.for dissolv-
ing the injunction both on the hearing in the trial court
and on appeal, or, in the alternative, to have the cause
remanded for the allowance of attorneys' fees by the
trial court.   Motion sustained in part, and overruled in
part.

*McIntyre & Roberds* and *Will E. Ward* and *John D
Greene, Jr.,* for appellants.

*W. W. Magruder,* for appellee.

ETHRIDGE, J., delivered the opinion of the court.

On a former day the court reversed this cause and dismissed the bill (110 So. 775 supra page 747), which bill was for an injunction against the appellants to restrain the purchase of a school building lot for the separate school district of Starkville.

Motion is made here for counsels' fees for dissolving the injunction, both on the hearing in the court below and the appeal to this court, or in the alternative, to have the cause remanded for the allowance of attorneys' fees by the court below.

We are of opinion that we have no jurisdiction to grant attorney's fee for services rendered in the court below, as that would be the exercise of original jurisdiction; therefore we cannot allow the attorney's fees here for that service. However, we can allow the fee for services rendered here incident to the appeal to this court; and, considering the record before us and the evidence submitted by the respective parties, we allow the attorney's fee in the amount of two hundred fifty dollars against the injunction bond for services rendered in this court. The cause will be remanded to the chancery court for the purpose of permitting that court to pass upon the question of attorney's fee for services rendered in that court.

*Motion sustained in part, and overruled in part.*